**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STACEY HEMPHILL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No. CIV-09-475-HE** |
| ) | |
| **JUSTIN JONES, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases,[1] the petition has been promptly examined and for the reasons set forth below, it is recommended that it be dismissed without prejudice on filing as it appears to have been intended not as a new action but as an amendment to a petition filed in another case now pending in this district. Hemphill v. Jones, Case No. CIV-09-120-HE (filed Jan. 29, 2009, and now on referral to Magistrate Judge Robert Bacharach). Alternatively, it is recommended that the petition be dismissed without prejudice as duplicative of that pending action.

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. See also Boutwell v. Keating, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

In both cases, Petitioner claims that he was denied due process under the Fourteenth Amendment in connection with a prison disciplinary proceeding involving an offense report dated December 12, 2006, during his confinement at the Oklahoma State Reformatory in Granite, Oklahoma. In the petition now under review, filed on May 4, 2009, Petitioner raises a Fourteenth Amendment challenge to this same disciplinary action on six grounds. In the previous action, Petitioner challenged his disciplinary conviction on two grounds (both of which are also included in the petition currently under review).

In the parallel case, Case No. CIV-09-120-HE, Petitioner moved the Court on March 30, 2009, to allow amendment of his petition "to present relevant documentation of the conduct on the part of the Defendants which violated his rights and that transaction and occurrences set forth in his original pleadings will relate back to the Defendants' specific Constitutional violations of occurrences." [Doc. No. 9, p. 2]. On April 13, 2009, Judge Bacharach entered an order noting that Petitioner's right to amend was automatic at that point as no response had been filed. [Doc. No. 12]. Judge Bacharach directed Petitioner to file any amended Petition by April 29, 2009, and further directed that the "amended petition shall be self-sufficient and shall supersede the original petition." [Doc. No. 12]. As of the date of this Report and Recommendation, Petitioner has still not filed an amended petition in that case. See Docket, Case No. CIV-09-120-HE.

However, on May 4, 2009, Petitioner filed a petition, neither denominating it as an amended petition nor including the case number of the habeas action he had previously filed.

2

As such, the petition was assigned a new case number and referred to the undersigned.[2] In reviewing that petition, it is clear that it expands on the action already on file by adding four new grounds – all related to his claim of denial of due process. Thus, it is assumed that Petitioner inadvertently filed the petition as new, intending it as an amended petition in Case No. CIV-09-120-HE. Alternatively, Petitioner has intentionally filed a new petition that is essentially duplicative of the already-pending habeas action. In either event, it is within this Court's discretion to dismiss the duplicative habeas action without prejudice:

> "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citations omitted). A district court, as part of its general power to administer its docket, "may stay or dismiss a case that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir.2000). If the duplicative case has been filed by a prisoner proceeding in forma pauperis, the district court has the option of dismissing it as frivolous pursuant to § 1915(e)(2)(B)(i). See McWilliams v. State of Colo., 121 F.3d 573, 575 (10th Cir.1997) (affirming dismissal of duplicative suit as frivolous). We review for abuse of discretion a district court's dismissal of a case as being duplicative of another case pending before it. See Curtis, 226 F.3d at 138; see also Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir.2002) ("[H]ere the dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket, and in that situation the appellate court reviews the dismissal under an abuse of discretion standard."). Likewise, we review for abuse of discretion a district court's decision to dismiss a case as frivolous pursuant to § 1915(e)(2)(B)(i). See Conkle v. Potter, 352 F.3d 1333, 1335 n. 4 (10th Cir.2003).

Veitia Piedra v. Aguirre, No. 04-1287, 125 Fed.Appx. 968, 969 (10th Cir. Mar. 29, 2005)

---

[2]However, no filing fee was paid nor did Petitioner submit a motion to proceed in forma pauperis.

(§2241 habeas action).[3]

Accordingly, it is recommended that the instant action be dismissed as duplicative. It appears that Petitioner's filing of a second action was inadvertent, but in any event, he has lodged a petition that challenges the same disciplinary conviction that is challenged in Case No. CIV-09-120-HE. Thus, this petition should be dismissed without prejudice.

## RECOMMENDATION

In light of the foregoing, it is hereby recommended that the petition for a writ of habeas corpus be dismissed without prejudice as duplicative of Case No. CIV-09-120-HE. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before May 28, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. He is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to send a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag. state.ok.us.

---

[3] This unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

**ENTERED** this 8th day of May, 2009.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE